**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:13-cv-01604-REB-CBS

ALL IN INVESTMENTS, LLC,

    Plaintiff,

v.

S. ROBIN GRUNDER and all other occupants,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**Blackburn, J.**

    This matter is before me on the following: (1) the plaintiff's **Motion To Remand** [#8][1]; and (2) the plaintiff's **Motion for Forthwith Hearing on Motion To Remand** [#9] both filed July 2, 2013.  I grant the motion to remand and deny the motion for hearing as moot.

### I.  JURISDICTION

    Putatively, I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

### II.  STANDARD OF REVIEW

    Under 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if it is one over which the district court would have had original jurisdiction.  In order to effectuate removal properly,

---

[1] "[#8]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> [a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The notice of removal must be filed within thirty days after receipt by the defendant, "through service or otherwise," of the initial pleading setting forth the plaintiff's claims for relief. 28 U.S.C. § 1446(b).

### III.  ANALYSIS

This case originated when the plaintiff, All In Investments, LLC, filed its **Verified Complaint in Forcible Entry and Detainer** [#3] in the County Court of El Paso County, Colorado. In its complaint, All In Investments asserts one claim for relief for forcible entry and detainer under Colorado law. On June 19, 2013, the defendant, S. Robin Grunder, filed a notice of removal [#1] in this court. According to Ms. Grunder, this court has federal question jurisdiction over this case because Ms. Grunder's claims "arise under the laws of the United States." *Notice of removal* [#1], p. 3. In the notice of removal, Ms. Grunder says she has claims under the Fourteenth Amendment, the Truth In Lending Act, the Real Estate Settlement Procedures Act, and the Fair Debt Collection Practices Act.[2]

A defendant in a civil suit in state court may remove the case to federal court when the federal court would have had jurisdiction if the case had been filed in federal court originally. ***Topeka Hous. Auth. v. Johnson***, 404 F.3d 1245, 1247 (10th Cir. 2005). In general, original jurisdiction is lacking unless there is diversity of citizenship or

---

[2] In her answer, which was filed in state court, Ms. Grunder does not assert any federal claims. *Motion To Remand* [#8], Exhibit A.

a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Id*.  Absent circumstances not present in this case, a case may not be removed to federal court based solely on a defense or counterclaim arising under federal law.  *Id*. When a federal court lacks subject matter jurisdiction over a case which has been removed from state court, the federal court must remand the case to state court.  28 U.S.C. § 1447(c).

In its complaint, All In Investments asserts one claim under state law.  This court has neither federal question nor diversity jurisdiction over that claim.  Therefore, this case must be remanded to the state court.

## IV.  ORDERS

**THEREFORE,  IT IS ORDERED** as follows:

1.  That the plaintiff's **Motion To Remand** [#8] filed July 2, 2013, is **GRANTED**;

2.  That this case is **REMANDED** to the County Court, El Paso County, Colorado (where it was filed originally as Case Number 2013C030461); and

3.  That the plaintiff's **Motion for Forthwith Hearing on Motion To Remand** [#9] filed July 2, 2013, is **DENIED** as moot.

Dated July 8, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

3